UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | |
|---|---|
| ERNEST WILLARD DODD, SR., ) | |
| ) | |
| *Petitioner*, ) | |
| v. ) | No. 4:12-CV-7 |
| ) | |
| JACKIE MATHENY WARREN ) | *Mattice/Carter* |
| COUNTY SHERIFF, ) | |
| ) | |
| *Respondent*. ) | |

## **MEMORANDUM**

Ernest Willard Dodd ("Dodd") filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Court Doc. 1). In response to the January 27, 2012, order of the Court, Respondent Jackie Matheny ("Respondent"), Sheriff of Warren County, filed a motion to dismiss and advised that Dodd currently has a direct appeal pending in the Tennessee Court of Criminal Appeals, *State of Tennessee v. Ernest Dodd*, Case No. M-2011-02259-CCA-R3-CD.(Court Doc. 12). Petitioner filed a letter and does not deny he has an appeal pending, but rather indicates he has not had contact with his state defense attorney (Court Doc.14). After reviewing the record and the applicable law, the Court concludes that the motion to dismiss without prejudice for lack of exhaustion will be **GRANTED** (Court Doc. 12) and the § 2254 petition (Court Doc. 1) will be **DISMISSED WITHOUT PREJUDICE** as being prematurely filed, subject to Dodd's right to file another § 2254 petition upon exhaustion of his state remedies.

Absent unusual or exceptional circumstances, a district court should dismiss a petition filed pursuant to 28 U.S.C. § 2254 if it contains unexhausted claims. *O'Guinn v. Dutton*, 88 F.3d 1409, 1412 (6th Cir. 1996), *cert. denied*, 519 U.S. 1079 (1997). As a

general rule, state prisoners seeking federal habeas relief must first exhaust all of their available state court remedies. 28 U.S.C. § 2254; *Hannah v. Conley*, 49 F.3d 1193, 1195 (6th Cir. 1995); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994); *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994).

An application for a writ of habeas corpus will not be granted unless the applicant has exhausted the remedies available in state court. 28 U.S.C. § 2254. The Supreme Court has interpreted this rule as one of total exhaustion. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). Therefore, unless an exception applies, failure to comply with the exhaustion rule as to only one of the claims will normally render the entire petition for federal habeas relief a "mixed petition" which must be dismissed if a remedy is still available for the prisoner to pursue. *Id*. at 519-521.

It appears from the record that Dodd has failed to exhaust his available state court remedies by fairly presenting all of his claims to the state courts. According to the States' response Dodd has not fairly presented all of his claims to the state courts as he presently has an appeal pending. Dodd, by and through counsel, filed a notice of appeal to the Tennessee Court of Criminal Appeals on October 18, 2011, which is presently pending. On October 20, 2011, the Tennessee Court of Criminal Appeals assigned Dodd's case a number i.e., M2011-02259-CCA-R3-CD. Dodd has not alleged any unusual or exceptional circumstances warranting review of his habeas corpus petition nor are any such circumstances apparent from the record. This Court has not been notified that Dodd's pending state case is resolved.

Accordingly, an order will enter **DENYING WITHOUT PREJUDICE** Dodd's petition for federal habeas relief (Court Doc. 1), and **GRANTING** Respondent's motion to dismiss (Court Doc. 12).

An appropriate judgment order will enter.

                                                */s/ Harry S. Mattice, Jr.*
                                                HARRY S. MATTICE, JR.
                                                UNITED STATES DISTRICT JUDGE